## Henry G. Metzger, Appellant, v. William B. Manlove, Appellee.

TRIAL—*when improper remarks will not reverse.* Improper remarks of counsel made in argument will not reverse where the verdict is clearly right.

Assumpsit. Appeal from the Circuit Court of Hancock county; the Hon. ROBERT J. GRIER, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 17, 1908.

CHARLES J. SCOFIELD and APOLLOS W. O'HARRA, for appellant.

J. N. CARTER, T. B. PAPE, VOSE & CREEL, J. W. WILLIAMS and S. P. LEMMON, for appellee.

Mr. Presiding Justice Puterbaugh delivered the opinion of the court.

A former judgment in this case in favor of the plaintiff was reversed by this court, for errors of the trial court, in admitting incompetent evidence in behalf of the plaintiff. In the opinion then filed (Manlove v. Metzger, 124 Ill. App. 383) the nature of the action and the pleadings are sufficiently stated. Upon a second trial, which resulted in a verdict and judgment for the defendant, there was additional evidence adduced by appellant which tended to show acts and conduct on the part of appellee which would have warranted the belief by the public that he was jointly interested with his son Joseph E. Manlove in the business in question.

In our former opinion, to which we now adhere, it was held that before a person can be held liable for the debt of another by reason of holding himself out as a partner when he is not a partner in fact, such holding out must be brought to the knowledge of the party extending the credit, at or before the time the credit is extended. The evidence in the present record fails to establish such knowledge on the part of appellant. While there is some evidence tending to show that appellee had knowingly permitted himself to be held out as such by his son, the same is clearly insufficient to warrant a finding that appellee had knowledge that he was being so advertised.

The instructions asked by appellant indicate that the liability of appellee was sought to be predicated upon the theory that an actual partnership existed between the parties. We are unable to say that the greater weight of the evidence upon the issue was so manifestly with appellant that the finding of the jury thereon should be disturbed.

Serious complaint is made of remarks made by one of counsel for appellant during the trial in the presence of the jury. Certain of the remarks in question were highly improper and would necessitate a reversal of

the judgment in a close case. In the present case, however, the verdict was so clearly in accordance with the evidence that we are satisfied that the rights of appellant were not prejudiced thereby.

It is further insisted that the court erred in the rulings upon the instructions. We have carefully considered the objections urged and are of opinion that the given instructions fully stated the law applicable with substantial accuracy, and that there was no error in this respect. The same may be said as to the rulings upon the admissibility of evidence offered.

The judgment of the Circuit Court is affirmed.

*Affirmed.*